**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nathan Christopher Braun, | Civ. No. 20-0333 (DSD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tim Walz, Governor; Commission of Corrections; Nate Knutson, Assistant Commissioner; Chris Pawelk, Assistant Warden of Operations Oak Park Heights; Sherlinda Wheeler, Assistant Warden of Administration of Oak Park Heights; Bryon Matthews, Captain of Oak Park Heights; Nancy Leseman, Mail Room Lead Worker of Oak Park Heights; S. Henry, Mail Room Worker of Oak Park Heights; and Lt. Jason R. Hills, Mail Room Supervisor of Oak Park Heights, | |
| Defendants. | |

This matter is before the Court on Plaintiff Nathan Christopher Braun's Emergency Motion for a Preliminary Injunction. (Doc. No. 17.) For the reasons that follow, this Court recommends that Plaintiff's motion be denied.

**I.     Background**

Plaintiff filed his Complaint in this matter on January 24, 2020, against Governor Tim Walz, the Minnesota Commission of Corrections, the Assistant Commissioner, and a number of officials who work at Minnesota Correctional Facility – Oak Park Heights ("MCF-OPH") alleging that prison authorities engaged in illegal censorship and violated

Plaintiff's First, Fifth, and Fourteenth Amendment rights when they denied him access to the publication, *The Abolitionist*. (*See* Doc. No. 1, Compl.) On April 29, 2020, Plaintiff filed an Emergency Motion for a Preliminary Injunction in this and three other pending matters.[1] (*See* Doc. No. 13.) That motion was denied by the District Court. (Doc. No. 15.)

Plaintiff filed the Emergency Motion for a Preliminary Injunction presently before the Court on May 13, 2020. (Doc. No. 17, Mot. for Preliminary Injunction.) Plaintiff claims that two items—a book and a magazine—that were shipped to him at MCF-RC have now been confiscated by prison authorities. (*Id.* at 1.; *see* Doc. No. 18, Property Disposition Rec.) Plaintiff alleges that the confiscation is a violation of federal laws pertaining to censorship, contests the reasons given for the confiscation, and argues that denying reading materials to inmates in segregation serves no legitimate penological interest and is a violation of the Eighth Amendment. (Mot. for Preliminary Injunction 1–3.) Plaintiff requests emergency injunctive relief allowing him and other inmates to receive various forms of print media, and an order directing MCF-RC to release the two items they confiscated either to Plaintiff or to the Court. (*Id.* at 14–15.)

## II.   Analysis

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's

---

[1] Therein, Plaintiff raised new allegations against Minnesota Correctional Facility – Rush City ("MCF-RC")—where Plaintiff now resides—and its officials, claiming he had been subjected to retaliation, excessive force, medical neglect, and that he had been denied access to the courts. (*See* Doc. No. 13.) The District Court denied the motion, concluding that Plaintiff's new allegations were unrelated to the claims at issue in this case. (Doc. No. 15.)

merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Here, however, "the requested relief exceeds our jurisdiction as invoked by [Plaintiff's] civil rights action against the Defendants," because MCF-RC and its officials are not parties to this action. *Applewhite-Bey v. Tripoli*, No. 05-2160 DSD/RLE, 2006 WL 1715085, at *2 (D. Minn. June 19, 2006) (citing *Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Services*, 364 F.3d 925, 933 (8th Cir. 2004). Federal Rule of Civil Procedure 65(d) provides that "[e]very order granting an injunction and every restraining order" binds only the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B). Fed. R. Civ. P. 65(d).

Plaintiff's requested relief would require the Court to order MCF-RC to permit Plaintiff and other inmates—including those in segregation—to receive various printed media, and to release the two previously confiscated items to Plaintiff. But neither MCF-RC nor any of its officers are parties to this action, and Plaintiff does not suggest that any of the named Defendants actively participated in the acts complained of in his pending motion for injunctive relief. Consequently, this Court concludes that Plaintiff's Motion for a Preliminary Injunction should be denied because the Court lacks jurisdiction over MCF-RC and its officials. *Applewhite-Bey*, 2006 WL 1715085, at *2; *see also Tobin v. Doe*, No. 3:04-cv-952 (SRU), 2006 WL 680507, at *2–3 (D. Conn. Mar. 15, 2006) (finding that because prisoner-plaintiff sought injunctive relief against prison officials and medical personnel that were not parties to the action, the court did not have in personam jurisdiction over them and could not enjoin their actions) (citations omitted).

### III.    Conclusion

Based on the foregoing, this Court recommends that Plaintiff's Emergency Motion for a Preliminary Injunction (Doc. No. 17) be denied.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff's Emergency Motion for a Preliminary Injunction **(Doc. No. 17)** be **DENIED**.


Dated: June 2, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge