UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-333 (DSD/BRT)


Nathan Christopher Braun,

              Plaintiff,

v.                                              ORDER

Tim Walz, Governor; Commission of
Corrections; Nate Knutson, Assistant
Commissioner; Chris Pawelk, Assistant
Warden of Operations Oak Park
Heights; Sherlinda Wheeler,
Assistant Warden of Administration
of Oak Park Heights; Bryon Matthews,
Captain of Oak Park Heights;
Nancy Leseman, Mail Room Lead Worker
of Oak Park Heights; S. Henry, Mail
Room Worker of Oak Park Heights;
and Lt. Jason R. Hills, Mail Room
Supervisor of Oak Park Heights,

              Defendants.


     This matter is before the court upon the objections by

plaintiff Nathan Christopher Braun and defendants to the January

27, 2021, report and recommendation of Magistrate Judge Becky R.

Thorson (R&R).   The magistrate judge recommends that the court

grant in part defendants' motion to dismiss.   After a de novo

review, and for the following reasons, the court overrules the

parties' objections and adopts the R&R in its entirety.

## BACKGROUND

     This action arises out of Braun's access to certain

publications while incarcerated at Minnesota Correctional

Facility-Oak Park Heights (MCF-OPH).  The complete background of this action is fully set forth in the R&R and will not be repeated here.  The court will only briefly summarize the history of the present action.

The following defendants are named in the case: (1) Tim Walz, governor of Minnesota; (2) Paul Schnell, commissioner of the Minnesota Department of Corrections (MNDOC); (3) Nate Knutson, an assistant commissioner for MNDOC; (4) Chris Pawelk, assistant warden of operations at MCF-OPH; (5) Sherlinda Wheeler, assistant warden of administration at MCF-OPH; (6) Byron Matthews, "captain" of MCF-OPH; (7) Natalie Leseman, "mail room lead worker" of MCF-OPH; (8) Sharon Henry, a mailroom worker at MCF-OPH; and (9) Jason R. Hills, "mail room supervisor" of MCF-OPH.  Compl. at 1.  Braun has sued Walz and Schnell in their official capacities,[1] and he has sued the other defendants in their official and individual capacities.[2]  See id.  Braun alleges three distinct incidents as the basis for his complaint.

The first incident concerns the "The Abolitionist," which is published by the Critical Resistance Publishing Collective.  Id.

---

[1]  Contrary to the R&R, the court does not see any allegations that Walz and Schnell were also sued in their individual capacities.  See Compl. at 6 (naming Walz and Schnell "in their official capacity").

[2]  The complaint does not specifically allege whether Pawelk, Wheeler, and Matthews are being sued either in their official or individual capacities.  The court construes the complaint liberally to include both.

2

On August 6, 2019, Henry denied Braun's request for the publication. Id. Henry explained that the Abolitionist "constitutes a risk to the security of the specific individuals or the general public ...." Id. at 1. Braun appealed and asked Leseman to forward an appeal to the Correspondence Review Authority (Review Authority), consistent with MNDOC policy. Id. at 1-2. Leseman did not forward Braun's appeal and answered it herself, which Braun alleges violated MNDOC policy. Id. at 2. Braun then submitted to Hills another appeal and an incident report regarding Leseman's conduct to be forwarded to the Review Authority. Id. Hills did not forward Braun's second appeal or incident report, and instead answered the appeal himself, which Braun believes violated MNDOC policy. Id.

Braun submitted a third appeal directly to the Review Authority, which included Pawelk, Wheeler, and Matthews. Id. The Review Authority denied his appeal and determined that the requested material was contraband because "[o]ne of the articles advocates for organized disturbances within prison walls and activities." Id. at 3. Braun appealed again, this time to Knutson as an assistant commissioner of corrections. Id. Knutson denied the appeal under the same MNDOC Directive cited by the Review Authority. Id.

In the second incident, Braun was denied access to the publication "MIM (Prisons)" published by MIM distributors. Id.

3

Braun alleges that he "went through the same steps as before" to appeal the denial.  Id.  The Review Authority ultimately denied Braun's appeal, determining "that the contents constitute[] a risk to the safety of the facility" under the applicable MNDOC Directive.  Id.  Braun again appealed to Knutson, who allegedly failed to respond to the appeal.  Id. at 4.

The third incident involves Henry, Leseman, and Hills's decisions to return multiple other publications from Critical Resistance Publishing Collective, MIM Distributors, and "News & Letters" without notifying Braun of their actions.  Id.  Braun alleges that this conduct violated the law and MNDOC policy  Id. He alleges that defendants returned his materials without notice or reason over ten times.  Id.

Braun commenced this action on January 24, 2020.  He alleges that defendants violated the First, Fifth, and Fourteenth Amendments, as well as MNDOC policies, by refusing to give him access to the publications at issue.  Id. at 6.  On July 20, 2020, defendants moved to dismiss, arguing that: they are immune from suit under sovereign and qualified immunity; and Braun fails to adequately plead his First Amendment and due process claims.  The magistrate judge recommended that defendants' motion be granted in part.  ECF No. 88.

## DISCUSSION

### I.   Standard of Review

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c).

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("The nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)."). In considering a facial 12(b)(1) challenge, the court limits its inquiry to the pleadings. Osborn, 918 F.2d at 729, n.6. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted).

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim

has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court takes into account that the original complaint was written by a pro se litigant and must therefore be liberally construed. Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014). When the court construes a complaint liberally, it reads the complaint "in a way that permits the layperson's claim to be considered within the proper legal framework," despite the fact that it may "not [be] pleaded with legal nicety ...." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). Liberal construction does not mean, however, that the court will supply additional facts or construct legal theories on behalf of the litigant. Id. at 914.

## II.  Analysis

### A.  Sovereign Immunity

Braun objects to the magistrate judge's conclusion that his official-capacity claims are barred under sovereign immunity. He argues that defendants cannot claim sovereign immunity for two reasons. First, the state of Minnesota and its officials are "persons" under § 1983. Second, the Commissioner of Corrections and the warden have statutory obligations to follow the rules of MNDOC. The magistrate judge correctly determined that the Eleventh Amendment bars Braun's official-capacity claims for damages.

Under the Eleventh Amendment, an individual is prohibited from suing a state unless the state consents to the suit or Congress abrogates state immunity. U.S. Const. amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54–56 (1996); Klingler v. Dir., Dep't of Revenue, State of Mo., 455 F.3d 888, 892–93 (8th Cir. 2006). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] is no different from a suit against the State itself." Burk v. Beene, 948 F.2d 489, 493 (8th Cir. 1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).

Here, Minnesota has not consented to suit, nor has Congress abrogated state immunity for § 1983 claims. Id. ("[C]learly Congress did not abrogate constitutional sovereign immunity when

enacting the law that was to become section 1983."). Braun has not shown that an exception to sovereign immunity applies, and therefore, his arguments are meritless.[3] Because the R&R properly concluded that all official capacity claims are barred under sovereign immunity,[4] Braun's objection is overruled.

**B. Adequacy of the Complaint**

The magistrate judge also recommended that: (1) the claims brought for alleged violations of MNDOC policies and procedures, the Fifth Amendment's Due Process Clause, and substantive due process under the Fourteenth Amendment should be dismissed; (2) Braun's First Amendment claim should not be dismissed at this time; and (3) Braun's Fourteenth Amendment procedural due process claims should be dismissed in part. Neither party objects to the magistrate judge's finding that Braun's claims under MNDOC policies,[5] the Fifth Amendment,[6] and substantive due process under

---

[3] His claims are precluded for the additional reason that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

[4] Walz and Schnell were sued solely in their official capacities and, therefore, the claims against them are dismissed in their entirety.

[5] There is no liability for violating prison policy under § 1983. See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

[6] The Fifth Amendment's due process clause applies only to the federal government's conduct, which is not at issue here. Dusenbery v. United States, 534 U.S. 161, 167 (2002).

8

the Fourteenth Amendment[7] should be dismissed, and the court finds that the R&R is well reasoned and correct in this regard. Therefore, the court turns to objections regarding Braun's First Amendment and Fourteenth Amendment procedural due process claims.

### 1. First Amendment Claims

The magistrate judge recommends that Braun be allowed to proceed with his First Amendment claims, because discovery is necessary regarding the substance of the publications at issue. ECF No. 88 at 17. The magistrate judge explained that defendants must show why the censored publications are "reasonably related to legitimate penological interests." Id. at 18. Defendants argue that Turner v. Safley, 482 U.S. 78 (1987), applies in their favor.

In Turner, the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89. The court considers four factors to determine the validity of a regulation: (1) whether "there [is] a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to

---

[7] A substantive due process claim requires conduct that "shocks the conscience," and the conduct underlying difficulties for prisoners receiving packages and publications is not conscience-shocking. See Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) (holding that a prisoner alleging a package rule violation did not sufficiently plead a substantive due process claim).

justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact [that] accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there are "obvious, easy alternatives" to the regulation. Id. at 89-91 (internal quotation marks and citations omitted).

The magistrate judge correctly concluded that Braun's claims cannot be properly evaluated at this time under Turner because it is a "fact-intensive universe" that requires a developed factual record. Holloway v. Magness, 666 F.3d 1076, 1079 (8th Cir. 2012); see also, e.g., Mason v. Johnston, No. 19-cv-2597 (JRT/KMM), 2020 WL 7133201, at *12 (D. Minn. July 27, 2020), report and recommendation adopted, 2020 WL 5835223 (D. Minn. Sept. 30, 2020) (explaining that a Turner-type analysis requires a developed factual record, which is difficult at the motion to dismiss stage). Defendants' arguments do not persuade the court otherwise, and their objection is overruled.

### 2.   Due Process Claims

The R&R concluded that defendants are entitled to qualified immunity with regard to two of Braun's three Fourteenth Amendment due process claims.  Braun objects to the R&R's conclusion that defendants' conduct is entitled to qualified immunity regarding (1) the April 2019 appeals process for The Abolitionist and (2)

the later appeals process for MIM (Prisons).  He argues that
defendants are not entitled to qualified immunity because they
committed constitutional violations.  Defendants object to the
R&R's conclusion that Henry's, Leseman's, and Hills's conduct is
not entitled to qualified immunity concerning other publications
from the Abolitionist, MIM Distributors, and News & Letters.
Defendants argue that Braun fails to plausibly plead the existence
of these other materials.  The court overrules both parties'
objections.

### a.  Braun's Objections

An official is not liable for damages for a constitutional
violation under qualified immunity.  Wood v. Moss, 572 U.S. 744,
757 (2014).  An official is entitled to qualified immunity unless
the "plaintiff plead[ed] facts showing (1) that the official
violated a statutory or constitutional right, and (2) that the
right was clearly established at the time of the challenged
conduct."  Id. (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735
(2011) (internal quotation marks omitted)).  The R&R concluded
that Braun properly pleaded the first prong in sufficiently
alleging a procedural due process violation:  a "deprivation of
life, liberty, or property ... without sufficient process."  Hughes
v. City of Cedar Rapids, 840 F.3d 987, 994 (8th Cir. 2016) (citing
Clark v. Kan. City Mo. Sch. Dist., 375 F.3d 698, 701 (8th Cir.
2004)).  Braun has a liberty interest in receiving magazines under

11

the Fourteenth Amendment.  <u>See</u> <u>Bonner v. Outlaw</u>, 552 F.3d 673, 676-77 (8th Cir. 2009) (holding that inmates have a liberty interest in "uncensored communications," including magazines, under the due process clause).  Defendants did not contest whether their conduct was "without sufficient process," and the magistrate judge found that Braun's procedural due process claims under the Fourteenth Amendment satisfied the first prong required to challenge qualified immunity.

At issue here is whether Braun has satisfied the second prong: "the right was clearly established at the time of the challenged conduct." <u>Wood</u>, 572 U.S. at 757.  A clearly established right is "sufficiently definite that any reasonable official in [defendants'] shoes would have understood that [they were] violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate." <u>City & Cty. of S.F. v.</u> <u>Sheehan</u>, 135 S. Ct. 1765, 1774 (2015) (citation and internal ellipses omitted).  The question is "whether it would have been clear to a reasonable [official] in the [defendants'] position that their conduct was unlawful in the situation they confronted." <u>Wood</u>, 572 U.S. at 745 (quotation and brackets omitted).  This standard "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions" by protecting "all but the plainly incompetent or those who knowingly

violate the law." <u>al-Kidd</u>, 563 U.S. at 743 (quotation and citation omitted).

The magistrate judge correctly found that defendants' conduct concerning The Abolitionist and MIM (Prison) are entitled to qualified immunity. Although Braun alleges that defendants did not strictly adhere to MNDOC procedures, his complaint details a process in which the officials gave notice that his publications were denied, allowed him to object to the denial determination, and considered his multiple appeals. The court agrees with the R&R that Braun does not sufficiently plead that defendants violated a clearly established due process right. Braun's objection is overruled.

### b.  <u>Defendants' Objections</u>

Defendants argue that Henry's, Leseman's, and Hills's conduct concerning other publications from the Abolitionist, MIM Distributors, and News & Letters should be dismissed for failure to state a plausible claim. They contend that the complaint does not contain sufficient allegations to put defendants on notice for their alleged violations. The court overrules their objection.

In order to plead a procedural due process claim, plaintiff must allege that he was deprived of a life, liberty, or property interest, and the deprivation was without sufficient process. <u>See</u> <u>Hughes</u>, 840 F.3d at 994. "Whenever prison officials restrict [the right of uncensored communication] by rejecting the communication,

they must provide minimum procedural safeguards, which include notice to an inmate that the correspondence was rejected." Bonner, 552 F.3d at 677.   Construing Braun's complaint liberally, he alleges that Henry, Leseman, and Hills: (1) received other publications from the publishers Critical Resistance Publishing Collective, MIM Distributors, and News & Letters; (2) did not give notice to Braun of censorship; (3) did not give a reason to Braun for returning the publications; and (4) repeated this conduct over ten times.   Braun has a liberty interest in having "uncensored communications." Bonner, 552 F.3d at 676-77.   Braun sufficiently alleges that defendants did not give him notice of censorship or minimal procedural protections.   Therefore, Braun sufficiently alleges a procedural due process violation.

Additionally, defendants are not entitled to qualified immunity regarding the third procedural due process incident at this time.   Defendants are entitled to qualified immunity unless the plaintiff alleges that (1) the officials violated a constitutional right and that (2) the right was "clearly established" at the time of the conduct.   Wood, 572 U.S. at 757. Braun satisfied the first prong, and the court examines the second prong by inquiring "whether it would have been clear to a reasonable [official] in the [defendants'] position that their conduct was unlawful in the situation they confronted." Id. at 745 (quotation and brackets omitted).   Censorship of

14

communications requires minimal procedural protections and notice be given to the inmate.  See Bonner, 552 F.3d at 676-77.  In light of this standard, a reasonable official would have known that providing no notice and no procedural protections was unlawful. The court therefore agrees that Henry, Leseman, and Hills are not entitled to qualified immunity at this time.  Defendants' objection is overruled.

The court has carefully reviewed the record and the R&R and finds that the R&R is well reasoned and correct.  As such, the court overrules Braun's objections and overrules defendants' objections.  The motion to dismiss is granted in part and denied in part.  The two remaining claims are Braun's First Amendment claim and Fourteenth Amendment procedural due process claim as to Henry, Leseman, and Hills.  The complaint's official capacity claims are dismissed without prejudice.  The complaint's claims based on violations of MNDOC policy and the Fifth Amendment are dismissed with prejudice.  The complaint's claims based on violations of Fourteenth Amendment substantive due process are dismissed without prejudice.  The complaint's claims based on violations of Fourteenth Amendment procedural due process as applied to defendants' conduct concerning The Abolitionist and MIM (Prisons) publications, as described above, are dismissed without prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Defendants' objections to the R&R [ECF No. 89] are overruled;

2.    Braun's objections to the R&R [ECF No. 90] are overruled;

3.    The R&R [ECF No. 88] is adopted in its entirety;

4.    Defendants' motion to dismiss [ECF No. 39] is granted in part and denied in part.

Dated: March 29, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court