# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Nathan Christopher Braun,

          Plaintiff,

v.

Tim Walz, Commission of Corrections, Nate Knutson, Chris Pawelk, Sherlinda Wheeler, Byron Matthews, Natalie Leseman, Sharon Henry, and Jason R. Hills,

          Defendants.

Civ. No. 20–0333 (DSD/BRT)

**ORDER AND
REPORT AND RECOMMENDATION**

---

Nathan Christopher Braun, *pro se* Plaintiff.

Corinne Wright-MacLeod, Minnesota Attorney General's Office, counsel for Defendants.

---

## I. BACKGROUND

Plaintiff Nathan Christopher Braun filed his Complaint in this matter on January 24, 2020, against Governor Tim Walz, the Minnesota Commissioner of Corrections, the Assistant Commissioner, and officials who work at Minnesota Correctional Facility – Oak Park Heights alleging that prison authorities engaged in illegal censorship and violated Braun's First, Fifth, and Fourteenth Amendment rights when they denied him access various publications. (Doc. No. 1.) Braun's Complaint details three chief concerns: (1) he was prevented from receiving a publication from Critical Resistance Publishing Collective entitled "The Abolitionist" on the grounds it

presented a security risk; (2) he was denied access to a publication from "MIM (Prisons)" in the same manner as "The Abolitionist"; and (3) he was not notified about rejections of other mailed materials from "News & Letters." Braun also raises claims concerning the administrative process for the rejection of these publications. For "The Abolitionist" and "MIM (Prisons)" both, Braun contests the way the appeals were handled. And for "News & Letters" Braun asserts there was no notification that the materials were rejected, thus denying him any appeal process whatsoever.

On April 29, 2020, Braun filed an Emergency Motion for a Preliminary Injunction in this and three other pending matters. (Doc. No. 13.) Therein, Braun raised new allegations against Minnesota Correctional Facility – Rush City ("MCF–Rush City")—where Braun was then residing—and its officials, claiming he had been subjected to retaliation, excessive force, medical neglect, and that he had been denied access to the courts. The District Court denied the motion on May 11, 2020, concluding that Braun's new allegations were unrelated to the claims at issue in this case. (Doc. No. 15.)[1]

Two days later, Braun filed another Emergency Motion for a Preliminary Injunction on May 13, 2020. (Doc. No. 17.) Braun claimed that two items—a book and a magazine—shipped to him at MCF–Rush City had been confiscated by prison authorities. (*Id.* at 1.; *see* Doc. No. 18.) Braun alleged that the confiscation was a violation of federal laws pertaining to censorship, contested the reasons given for the confiscation, and argued that denying reading materials to inmates in segregation serves no legitimate

---

[1]    Braun thereafter requested reconsideration of the order denying his preliminary injunction motion, which was also denied. (Doc. No. 33.)

penological interest and is a violation of the Eighth Amendment. (Doc. No. 17 at 1–3.) Braun requested emergency injunctive relief allowing him and other inmates to receive various forms of print media, and an order directing MCF–Rush City to release the two confiscated items either to Braun or to the Court. (*Id.* at 14–15.) This Court issued a Report and Recommendation that the motion should be denied for lack of jurisdiction over MCF–Rush City and its officials. (Doc. No. 22 at 3.)[2] The District Court adopted the R&R. (Doc. No. 36.)[3]

The Court next considered Defendants' Motion to Dismiss. (Doc. No. 39.) The Court found sovereign immunity barred Braun's official-capacity claims against Defendants, that Braun failed to state any claims based on violations of Minnesota Department of Corrections policy, that discovery is necessary to weigh Braun's First Amendment claims, that Braun's substantive due process claims do not survive, and that one of Braun's procedural due process claims survive but two do not due to qualified immunity. (Doc. Nos. 87, 88.)[4] Braun's and Defendants' objections to the R&R were overruled and the R&R was adopted. (Doc. No. 101.)[5] Thus, the claims remaining at

---

[2]     This filing is also available at *Braun v. Walz*, No. 20-cv-333 (DSD/BRT), 2020 WL 3848204, at *1 (D. Minn. June 2, 2020).

[3]     This filing is also available at *Braun v. Walz*, No. 20-cv-333 (DSD/BRT), 2020 WL 3839785, at *1 (D. Minn. July 8, 2020).

[4]     This filing is also available at *Braun v. Walz*, No. 20-cv-333 (DSD/BRT), 2021 WL 268321, at *1 (D. Minn. Jan. 27, 2021).

[5]     This filing is also available at *Braun v. Walz*, No. 20-cv-333 (DSD/BRT), 2021 WL 1171693, at *1 (D. Minn. Mar. 29, 2021).

issue are Braun's First Amendment claim and Fourteenth Amendment procedural due process claim as to Defendants Henry, Leseman, and Hills; that is, the claims related to mailed materials from "News & Letters." (Doc. No. 101 at 15.)[6]

Thereafter, this Court issued a Pretrial Scheduling Order to govern proceedings in this matter. (Doc. No. 102.)

## II. PENDING MOTIONS

Braun has filed several motions that are pending before the Court, including five separate motions to supplement his pleadings under Rule 15(d),[7] as well as various other non-dispositive pretrial motions. The Court addresses the motions chronologically.

### A. Motion to Strike (Doc. No. 91)

Braun filed a Motion to Strike Pursuant to Rule 12(f) seeking to strike "any mention of his conviction as it is immaterial and scandalous matter that is completely impertinent to this instant case and therefore should not have been allowed to be mentioned in the record." (Doc. No. 91.) Braun asserts his conviction should not be "submitted to a prospective fact-finder, or perhaps in the future, a juror." (*Id.*)

---

[6]     Braun's challenges to the Court's Order adopting the R&R (Doc. Nos. 111, 116) were rejected. (Doc. No. 118.)

[7]     Some, but not all, of Braun's motions to supplement also contain requests for injunctive relief, so the Court issues a Report and Recommendation as to those portions. This Court finds it prudent to issue its Order and Report and Recommendation in a single, combined filing given the interdependent relationship between Braun's motion to supplement and injunctive relief requests relying on that supplementation. The same reasoning applies for Braun's most recent Emergency Motion for a Preliminary Injunction. (Doc. No. 122.)

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Complaints and answers constitute pleadings. Fed. R. Civ. P. 8. But as courts in this District hold, "there is no such thing as a 'motion to strike'" aimed at documents other than pleadings. *See Carlson Mktg. Grp. v. Royal Indemnity Co.*, No. 04-cv-3368 (PJS/JJG), 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (Schiltz, J.); *see also Smith v. United HealthCare Servs., Inc.*, No. 00-cv-1163 (ADM/AJB), 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003) (Montgomery, J.); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (Doty, J.).

Here, neither Braun's Complaint (Doc. No. 1) nor Defendants' Answer (Doc. No. 107) make any explicit reference to Braun's specific conviction. All that can be gleaned from these two pleadings is the unavoidable fact that Braun is incarcerated. As such, even if this Court were inclined to do so there is nothing to strike. *Braun v. Walz*, No. 20-cv-331 (NEB/DTS), 2021 WL 871217, at *1 (D. Minn. Mar. 9, 2021) (rejecting an identical motion filed in another of Braun's cases).

Moreover, Braun does not direct his motion to strike at any specific document or filing, but instead seeks a blanket prohibition against referencing the conviction for which he is incarcerated. The generalized nature of Braun's motion is further buttressed by his request that his conviction not be presented to the eventual factfinder in this case. Braun's motion resembles a motion *in limine* in anticipation of trial rather than a proper motion to strike under Rule 12(f), rendering it premature. Should this matter proceed to trial, the trial judge would determine what evidence may be presented to the factfinder. The Court

therefore denies the motion without prejudice; Braun may reassert his request to preclude mentioning his conviction to the jury at the appropriate time.

### B. First Motion to Supplement and Motion for Preliminary Injunction (Doc. No. 93)

Braun filed his first Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. Rule 15(d) on February 19, 2021. (Doc. No. 93; *see* Doc. Nos. 94, 97.) Braun seeks to supplement his Complaint with events stemming from December 11, 2020, when Defendant Henry did not deliver a "photo sheet and brochure" because it displayed nudity. (Doc. No. 93 at 1.) Braun raised concerns through the administrative appeal process that pornography is protected under the First Amendment. (*Id.* at 1–2.) Braun, through the multi-level appeal process, asserted non-delivery of these materials was the very conduct at issue in this lawsuit. (*Id.* at 2–5.)

Under Rule 15, the court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam). Leave for supplementation should be "freely given" provided there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* at 886–87.

Here, Braun's motion is denied because the supplementation is futile. Braun challenges the constitutionality of the Minnesota Department of Corrections' ("DOC") contraband policy concerning sexually explicit materials on First Amendment grounds. Braun does not challenge the pornographic nature of the materials, but rather that it is unconstitutional for the prison officials to deem pornography as contraband at all. (*See* Doc. No. 93 at 4 ("Clearly your blanket ban is unconstitutional and will not pass muster in Court, and is a violation of your own Policy for it violates United States law that you must comply with.").) The Eighth Circuit has squarely rejected such a facial challenge. *Hodgson v. Fabian*, 378 F. App'x 592, 594 (8th Cir. 2010) (per curiam) ("To the extent Hodgson raised a facial challenge to the regulation banning sexually explicit material, we have previously recognized a government interest in similar regulations.") (citing *Dawson v. Scurr*, 986 F.2d 257, 261 (8th Cir. 1993) (stating sexually explicit publication may be expected to circulate among prisoners with potential for "coordinated disruptive conduct")). Braun argues the institutional safety concerns underlying the contraband policies are invalid because sex offenders have low recidivism rates. But the law is clear and Braun's argument is unavailing. Accordingly, Braun's motion to supplement is denied.

Braun's motion also asks for a preliminary injunction to enjoin Defendants from disposing of or destroying the seized material as it is essential to his claims. (Doc. No. 93 at 5–6.) "A court issues a preliminary injunction in a lawsuit to preserve the status quo

and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Because this Court has concluded that Braun's supplementation is futile, there is no need to preserve a status quo pending a ruling on the merits. Further, Braun's request is moot because the materials have already been preserved pursuant to a litigation hold. (Doc. No. 95 at 6.)[8] Accordingly, this Court recommends denying Braun's motion for a preliminary injunction.

### C. Second Motion to Supplement (Doc. No. 98)

Braun filed another Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) on March 5, 2021. (Doc. No. 98.) Braun seeks to supplement his Complaint with an incident starting on February 26, 2021, when Defendant Leseman censored "three photographs from an incoming letter sent to the Plaintiff from an inmate in a female prison in Wilsonville Oregon." (*Id.* at 1.) Braun attempted to have the photographs re-routed to his mother, but on March 3, 2021, Defendant Henry returned the envelope to Braun and informed him the items must be returned to the sender, not a third party. (*Id.*) Braun's motion challenges the "intentional misinterpreting" of policies concerning

---

[8] In his reply, Braun asserts he requested documents from Defendants in October 2019, yet they have failed to respond. (Doc. No. 99 at 1–2; *see* Doc. No. 100.) Thus, Braun claims the requested preliminary injunction is necessary for this noncompliance. Braun's argument lacks merit. Braun did not file suit until January 24, 2020, so any discovery requests made prior to that date have no bearing on the instant lawsuit. Moreover, a motion for a preliminary injunction is an inappropriate vehicle for addressing a party's discovery conduct.

inmate to inmate communications to prohibit sending of photographs. (*Id.* at 3–4.) Braun seeks to enjoin Defendants from enforcing this policy. (*Id.* at 4.)

The Court has already rejected Braun's blanket challenges to alleged misapplication of Minnesota DOC policies. As the Court noted, "[w]ith respect to liability under 42 U.S.C. § 1983, no such liability exists based merely on prison officials' failure to follow applicable prison policies." (Doc. No. 88 at 15 (citing *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Baasi v. Fabian*, No. 09-cv-0781 (PAM/RLE), 2010 WL 924384, at *2 (D. Minn. Mar. 11, 2010), *aff'd*, 391 F. App'x 571 (8th Cir. 2010)).) "[M]ere violations of MNDOC policies, without more, do not give rise to civil liability." (Doc. No. 88 at 16.) Neither party objected to that finding and the District Court adopted it. (Doc. No. 101 at 8 (citing *Gardner*, 109 F.3d at 430).) Accordingly, it would be futile for Braun to reassert yet another blanket challenge to the implementation of DOC policy. As such, Braun's motion to supplement is denied.

### D. Third Motion to Supplement (Doc. No. 103)

Braun filed another Motion to Supplement Pursuant to Fed. R. Civ. P. 15(d) on April 1, 2021. (Doc. No. 103.) The incident precipitating this third motion began January 24, 2021. (*Id.* at 1.) Braun asserts he deposited into the prison mail a postage-paid envelope to Tightwad Magazines, Inc., requesting a year-long subscription to *Us Weekly* and a corresponding payment voucher. (*Id.*) Braun's request was denied on the grounds that he was on "SDMP" status which restricts voucher usage. (*Id.* at 1–2.) Braun challenged the denial through the administrative process, asserting that staff was misinterpreting DOC policy in finding him on a restricted status. (*Id.* at 2–4; Doc.

No. 104.) Braun seeks to enjoin Defendants from blocking access to magazine or periodical subscriptions and $5,000 in punitive damages for each involved Defendant. (Doc. No. 103 at 5.)

Here, Braun's new allegations do not relate to his original Complaint. Braun's Complaint challenges the censorship of publications and Defendants' failure to notify him of such. But through this third motion to supplement, Braun challenges the revocation of magazine subscription privileges while on a restrictive status. Moreover, the defendants do not overlap between the Complaint and the proposed magazine voucher claim. Braun cannot expand his present lawsuit to wholly new defendants, a wholly new DOC policy, and a wholly new cause of action. As such, his motion is denied.

### E. Fourth Motion to Supplement (Doc. No. 105)

Braun filed another Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) on April 5, 2021. (Doc. No. 105.) The incident precipitating this motion began March 31, 2021, wherein Braun asserts an envelope marked "LEGAL MAIL" was opened outside his presence. (*Id.* at 1.) Inside, Braun asserts, was a letter from MIM Distributors concerning the mail it had sent or attempted to send to Braun. (*Id.* at 1–3; *see* Doc. No. 106.) Braun asserts this opening violated his First Amendment and Due Process rights. (Doc. No. 105 at 3.) Braun refers to the author of the letter, Jeremy Summers, as his "legal assistant." (*Id.*)[9] Braun requests a preliminary injunction enjoining Defendants

---

[9]      The letter at issue is signed: "Jeremy Summers, MIM Distributors." (Doc. No. 106.) The envelope's return address is addressed to: "Jeremy Summers, Legal Asst[.]" (Doc. No. 106-2.) The envelope is stamped with "LEGAL MAIL." (*Id.*)

from "deprivations of publications" from MIM Distributors, from opening materials outside Braun's presence, and from violating DOC Mail Policy. (*Id.* at 3–4.) Braun also requests punitive damages of $5,000 against each Defendant. (*Id.* at 4.)

Permitting supplementation here would be futile for several reasons. First, to establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim."). Braun's supplementation fails to identify personal involvement of individual Defendants, only denoting "mailroom staff." (Doc. No. 105 at 1.) This is insufficient to state a claim.

Second, Braun's claim rests on the grounds that the letter he received was truly legal mail and not merely labeled as such. "The question of whether a particular piece of correspondence is 'legal mail' is a question of law." *Moore v. Schuetzle*, 354 F. Supp. 2d 1065, 1078 (D.N.D. 2005) (citing *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003)). The letter here was not from Braun's attorney, but rather from MIM Distributors, a publishing company. Such a letter is not protected legal mail. *Moore*, 354 F. Supp. 2d at 1078 ("In a majority of the Eighth Circuit cases involving inmate complaints that their 'legal mail' was opened outside their presence, the mail at issue was correspondence from an attorney or a 'jailhouse lawyer.'"). Even assuming the letter from MIM Distributors was protected legal mail, an "isolated incident, without any evidence of

improper motive or resulting interference with [the inmates] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner*, 109 F.3d at 430–31.

Third, Braun attempts to raise yet another claim that DOC staff failed to follow DOC policies. As the Court noted, "[w]ith respect to liability under 42 U.S.C. § 1983, no such liability exists based merely on prison officials' failure to follow applicable prison policies." (Doc. No. 88 at 15 (citing *Gardner*, 109 F.3d at 430; *Baasi*, 2010 WL 924384, at *2).) "[M]ere violations of MNDOC policies, without more, do not give rise to civil liability." (Doc. No. 88 at 16.) Neither party objected to that finding and the District Court adopted it. (Doc. No. 101 at 8 (citing *Gardner*, 109 F.3d at 430).) It would be futile for Braun to reassert yet another blanket challenge to the implementation of DOC policy. Braun's fourth motion to supplement is denied.

Braun seeks a preliminary injunction enjoining Defendants from "deprivations of publications" from MIM Distributors, from opening materials outside Braun's presence, and from violating DOC Mail Policy. (Doc. No. 105 at 3–4.) Again, MIM Distributors is not a law firm representing Braun, so its mailings are not entitled to the same protections as legal mail. As such, there is no reason to for the Court to upend the "status quo" of the DOC's mail policies, whether regarding MIM Distributors or other senders. Accordingly, the Court recommends denying Braun's preliminary injunction request.

### F. Motion to Produce Discovery (Doc. No. 110)

Braun moves for an order to compel Defendants to produce discovery. (Doc. No. 110.) Braun asserts he met and conferred with Defendants for various discovery

requests. (*Id.* at 1.) Braun asserts he has received no response from Defendants for his discovery requests. (*Id.* at 3.) Defendants assert that Braun never served discovery requests on them, but merely told Defendants that he would be filing a motion to compel merely days before a self-imposed deadline. (Doc. No. 119 at 2 (showing Defendants received letter on April 12 for April 15 deadline).) Defendants sent a letter response to Braun but have yet to receive any discovery requests from Braun. (Doc. No. 120 at 2.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling discovery when a party fails to comply with its discovery obligations. Fed. R. Civ. P. 37(a). Here, Braun asserts Defendants have not provided discovery. As evidenced by the filings (Doc. Nos. 110, 119, 120), Braun failed to serve valid discovery requests on Defendants. Braun cannot move to compel discovery where he has not served requests for discovery; a motion to compel is not the first stop on the discovery trek, it is one of the last. In the interests of advancing this litigation, however, the Court will briefly examine Braun's motion to see if the discovery requested is appropriate.

Braun requests documents related to "The Abolitionist." (Doc. No. 110 at 1–2; Doc. No. 120-1 at 1.) The Court has dismissed Braun's claims related to "The Abolitionist" so this discovery is not relevant to Braun's claims. The discovery request is denied.

Braun requests documents related to "MIM (Prisons)." (*Id.* at 1–2; Doc. No. 120-1 at 1.) The Court has dismissed Braun's claims related to "MIM (Prisons)" so this discovery is not relevant to Braun's claims. The discovery request is denied.

Braun requests documents related to "News & Letters." (*Id.* at 2.) This request was not in Braun's letter to Defendants' counsel, only in his motion to compel. Braun's surviving claim relates to "News & Letters," so discovery related to the non-delivery of "News & Letters" is appropriate. But the motion to compel is not properly before the Court since Braun has failed to serve an appropriate discovery request on Defendants detailing, with specificity, what he requests.[10] Accordingly, the motion to compel is denied at this time.

Braun requests documents related to his First Motion to Supplement; that is, documents related to the brochure and photoshoot. (*Id.* at 2.) This request was not in Braun's letter to Defendants' counsel, only in his motion to compel. The motion to compel is not properly before the Court since Braun has failed to serve an appropriate discovery request on Defendants. And, as stated above, Braun's motion to supplement fails. The motion to compel is denied as improper and this discovery request is denied as not relevant to Braun's pending claims.

Braun requests documents related to his Second Motion to Supplement; that is, documents related to inmate photographs. (Doc. No. 110 at 2.) This request was not in

---

[10]    Per Federal Rule of Civil Procedure 34(b)(2), Defendants have 30 days to respond to Braun's discovery requests once he actually serves them. If a dispute arises, the parties must meet and confer in an attempt to avoid motion practice. Fed. R. Civ. P. 37(a)(1).

Braun's letter to Defendants' counsel, only in his motion to compel. The motion to compel is not properly before the Court since Braun has failed to serve an appropriate discovery request on Defendants. And, as stated above, Braun's motion to supplement fails. The motion to compel is denied as improper and this discovery request is denied as not relevant to Braun's pending claims.

Braun requests documents related to his Third Motion to Supplement; that is, documents related to denial of his voucher request for *Us Weekly*. (Doc. No. 110 at 2.) This request was not in Braun's letter to Defendants' counsel, only in his motion to compel. The motion to compel is not properly before the Court since Braun has failed to serve an appropriate discovery request on Defendants. And, as stated above, Braun's motion to supplement fails. The motion to compel is denied as improper and this discovery request is denied as not relevant to Braun's pending claims.

Braun requests documents related to three separate notices of non-delivery concerning: (1) a letter with beading ideas; (2) a letter with astrology information; and (3) an Oregon senate bill. (Doc. No. 110 at 2–3; Doc. No. 120-1 at 1.) Braun claims the timeline for the administrative appeal process has lapsed. (*Id.* at 3.) These three items are related to a later-filed Motion to Supplement (discussed below). The claim is not related to any of Braun's pending claims and supplementation is inappropriate. As such, this discovery request is denied.

In sum, Braun's motion seeks to compel discovery that is largely not relevant to his pending claims. Rather, Braun requests discovery related to claims that have been dismissed or have been rejected herein. The only appropriate discovery request that might

be at issue pertains to Braun's "News & Letters" claim, but Braun's first request for that discovery came via his motion to compel. Braun must first serve a discovery request on Defendants and afford them an opportunity to respond before resorting to motion practice. Accordingly, Braun's motion to compel is denied.

### G. Motion for a More Definite Statement (Doc. No. 112)

Braun filed a document that rebuts Defendants' Answer and asserts various deficiencies in law or logic. After detailing what he believes are failings in Defendants' Answer, Braun moves for a more definite statement as to Defendants' Answer. (Doc. No. 112 at 4, 6, 7, 9, 11.)

A motion "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, Defendants' Answer raises standard affirmative defenses, but raises no counterclaims. (Doc. No. 107 at 3–4.) Thus, it is not a pleading to which Braun may directly respond to and, as a result, he may not move for a more definite statement under Rule 12(e).

Even if Braun could respond to Defendants' Answer, "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996) (citation omitted). Defendants' Answer is not unintelligible. Rather, Braun's arguments are directed at his dissatisfaction with the detail in Defendants' Answer and affirmative defenses. These arguments are better borne out through discovery or raised at the summary judgment stage following discovery. *See Ransom v. VFS, Inc.*, 918 F. Supp. 2d

888, 901 (D. Minn. 2013) ("Because of the liberal notice-pleading standard governing federal pleadings and the availability of extensive discovery, Rule 12(e) motions are disfavored.") (quotation omitted). Accordingly, Braun's motion is denied.

## H. Fifth Motion to Supplement (Doc. No. 114)

Braun filed another Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) on April 26, 2021. (Doc. No. 114.) The incident precipitating this fifth motion occurred on March 30, 2021, relating to a letter an inmate at Coffee Creek Correctional Facility in Oregon sent to Braun. (*Id.* at 1.) Braun asserts that Defendant Leseman rejected a portion of that mail delivery that include two pages of printed material relating to beadwork ideas and astrology. (*Id.*) The materials were rejected as unauthorized transfer of property between inmates. (*Id.*) Another rejected letter included an Oregon senate bill. (*Id.* at 3.) Braun challenged the non-delivery as inconsistent with DOC policy. (*Id.* at 1–4; Doc. No. 115.)

The Court has already rejected Braun's blanket challenges to alleged misapplication of Minnesota DOC policies. As the Court noted, "[w]ith respect to liability under 42 U.S.C. § 1983, no such liability exists based merely on prison officials' failure to follow applicable prison policies." (Doc. No. 88 at 15 (citing *Gardner*, 109 F.3d at 430; *Baasi*, 2010 WL 924384, at *2).) "[M]ere violations of MNDOC policies, without more, do not give rise to civil liability." (Doc. No. 88 at 16.) Neither party objected to that finding and the District Court adopted it. (Doc. No. 101 at 8 (citing *Gardner*, 109 F.3d at 430).) Accordingly, it would be futile for Braun to reassert yet another blanket

challenge to the implementation of DOC policy. As such, Braun's motion to supplement is denied.

Braun's motion also asks for a preliminary injunction to enjoin Defendants from withholding any of his mail. (Doc. No. 114 at 5.) "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose*, 42 F.3d at 471. Because this Court has concluded that Braun's supplementation is futile, there is no need to preserve a status quo pending a ruling on the merits. Accordingly, this Court recommends denying Braun's motion for a preliminary injunction.

## I. Emergency Motion for Preliminary Injunction (Doc. No. 122)

Braun seeks to enjoin Defendants through his third emergency motion thus far in this litigation (not counting his motions for emergency relief tied to his various other motions).

Braun asserts there are certain prison policies governing possession of personal mail and legal materials in one's cell. (Doc. No. 122 at 1.) Prison staff searched Braun's cell, taking some photographs that Braun asserts were personal mail and "harassing" Braun about the quantity of his legal materials. (*Id.* at 2.) Braun asserts he has been given conflicting directions regarding the mailing of legal mail. (*Id.* at 2–3.) Braun avers that if this conduct continues, he will be deprived of his ability to effectively communicate with the Court. (*Id.* at 3.) Braun asserts if his legal materials cannot be kept in his personal cell, but must be placed in storage for retrieval upon request to the prison guards, he

might never get those materials. (*Id.*) Braun asserts these policies constitute illegal retaliation for his lawsuit and collective punishment. (*Id.* at 4.)

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose*, 42 F.3d at 471. To warrant relief, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Here, Braun's present motion bears no direct relation to his First and Fourteenth Amendment challenges concerning "News & Letters." The Court has repeatedly rejected Braun's attempts to expand this litigation to ancillary claims and mount blanket challenges to DOC policies. Moreover, requests for injunctive relief in the prison context "must always be viewed with great caution" given the "complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quotation omitted). While access to legal materials is always important, Braun's possibility of facing less convenient access to legal materials is a problem of prison administration and does not surpass the great caution sufficient to warrant injunctive relief. Accordingly, this Court recommends denying Braun's motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Braun's Motion to Strike Pursuant to Rule 12(f) (**Doc. No. 91**) is **DENIED** without prejudice;

2.      Braun's Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. Rule 15(d) (**Doc. No. 93**) is **DENIED** to the extent it seeks supplementation;

3.      Braun's Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) (**Doc. No. 98**) is **DENIED**;

4.      Braun's Motion to Supplement Pursuant to Fed. R. Civ. P. 15(d) (**Doc. No. 103**) is **DENIED**;

5.      Braun's Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) (**Doc. No. 105**) is **DENIED** to the extent it seeks supplementation;

6.      Braun's Motion to Produce Discovery (**Doc. No. 110**) is **DENIED**;

7.      Braun's Motion for a More Definite Statement (**Doc. No. 112**) is **DENIED**; and

8.      Braun's Fifth Motion to Supplement (**Doc. No. 114**) is **DENIED** to the extent it seeks supplementation.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Braun's Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. Rule 15(d) (**Doc. No. 93**) be **DENIED** to the extent it seeks a preliminary injunction;

2.      Braun's Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) (**Doc. No. 105**) be **DENIED** to the extent it seeks a preliminary injunction;

3.      Braun's Motion to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) (**Doc. No. 114**) be **DENIED** to the extent it seeks a preliminary injunction; and

4. Braun's Emergency Motion for Preliminary Injunction (**Doc. No. 122**) be

**DENIED**.


Date: May 6, 2021                                    _s/ Becky R. Thorson_
                                                     BECKY R. THORSON
                                                     United States Magistrate Judge


**NOTICE**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).