Nathan Christopher Braun,

      Plaintiff,

v.                                                            ORDER

Tim Walz, Governor; Commission of
Corrections; Nate Knutson, Assistant
Commissioner; Chris Pawelk, Assistant
Warden of Operations Oak Park
Heights; Sherlinda Wheeler,
Assistant Warden of Administration
of Oak Park Heights; Bryon Matthews,
Captain of Oak Park Heights;
Nancy Leseman, Mail Room Lead Worker
of Oak Park Heights; S. Henry, Mail
Room Worker of Oak Park Heights;
and Lt. Jason R. Hills, Mail Room
Supervisor of Oak Park Heights,

      Defendants.

This matter is before the court upon the objections by plaintiff Nathan Christopher Braun to the May 6, 2021, report and recommendation of Magistrate Judge Becky R. Thorson (R&R). The magistrate judge recommends that the court deny Braun's four preliminary injunction motions. After a de novo review, and for the following reasons, the court overrules Braun's objections and adopts the R&R in its entirety.

**BACKGROUND**

This dispute arises out of Braun's access to certain publications while incarcerated at Minnesota Correctional Facility-Oak Park Heights (MCF-OPH). The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

Braun filed this action against Governor Tim Walz, the Minnesota Commissioner of Corrections, the Assistant Commissioner, and various MCF-OPH officials. He alleges that defendants violated his First, Fifth, and Fourteenth Amendment rights when they denied him access to various publications. See Compl.

Braun alleges three distinct incidents as the basis for his complaint: (1) defendants prevented him from receiving the publication "The Abolitionist" because they identified it a security risk; (2) defendants denied access to the publication "MIM (Prisons)" because they identified it as a security risk; and (3) defendants did not notify him of their decision to deny publications from "News & Letters." See id.

Braun commenced this action on January 24, 2020. On July 20, 2020, defendants moved to dismiss. See ECF No. 39. On March 29, 2021, the court adopted Magistrate Judge Becky R. Thorson's January 27, 2021, report and recommendation [ECF No. 88] and granted the motion in part. See ECF No. 101. Braun's remaining claims are

his First Amendment claim and Fourteenth Amendment procedural due process claim regarding the third incident.  See id.

Braun has four pending preliminary injunctions motions before the court, three of which are combined with motions to supplement the pleadings.  See ECF Nos. 93, 105, 114, and 122.  The magistrate judge denied Braun's five motions to supplement the pleadings, and, to the extent that he seeks a preliminary injunction in three of those motions, the magistrate judge recommends denial.  See ECF No. 125.  The magistrate judge recommends, too, that the court deny Braun's emergency motion for preliminary injunction.  See id.  The magistrate judge also denied Braun's motion for discovery.  See id.  Braun objects to the R&R's determinations regarding these motions.

**DISCUSSION**

**I. Standard of Review**

The standard of review for an objection to an order on a nondispositive matter is "extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d. 1005, 1007 (D. Minn. 1999).  The court will affirm a magistrate judge's order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3).  For dispositive matters, the court reviews de novo any "proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

3

**II. Objections to Nondispositive Matters**

Braun objects to the magistrate judge's order denying his five motions to supplement the pleadings and his motion to produce discovery. The court reviews and affirms the magistrate judge's order.

**A. Motions to Supplement the Pleading**

The court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of a supplemental pleading is "to cover matters subsequently occurring but pertaining to the original cause." United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam). Leave to supplement should be "freely given" unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment ...." Id. at 886-87.

The magistrate judge denied the first motion to supplement on the basis of futility. The magistrate judge determined that Braun challenged the constitutionality of the Minnesota Department of Corrections' (MNDOC) contraband policy regarding sexually explicit materials, which the Eighth Circuit Court of Appeals has categorically precluded. Hodgson v. Fabian, 378 F. App'x 592, 594

4

(8th Cir. 2010) (per curiam) (citing Dawson v. Scurr, 986 F.2d 257, 261 (8th Cir. 1993)) ("To the extent [plaintiff] raised a facial challenge to the regulation banning sexually explicit material, we have previously recognized a government interest in similar regulations."). Braun objects, arguing that, in his appeal to MNDOC, he also challenged the pornographic nature of materials deemed contraband by MNDOC. Yet Braun's appeal is not in the record, and, in his objection, he continues to challenge the constitutionality of MNDOC's policy. As a result, Braun's facial challenge is futile, and the order denying this motion is affirmed.

The magistrate judge also denied the second motion to supplement on futility grounds. Braun seeks to supplement the pleading to include conduct involving communications among inmates. Braun alleges that defendants intentionally misinterpreted MNDOC policy to prohibit inmates from sending each other photographs. The magistrate judge found that a mere violation of MNDOC policy does not give rise to civil liability. Braun objects, arguing that he is actually asserting a First Amendment and Fourteenth Amendment claim. Based on Braun's original motion and the rest of his objection, however, it is clear that Braun challenges MNDOC's policies. See ECF No. 98, at 3; ECF No. 130, at 4 (arguing that MNDOC fails to follow its own policies). As the magistrate judge correctly concluded, mere violations of MNDOC policy to not give rise to civil liability,

which makes Braun's motion futile. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997); Baasi v. Fabian, No. 09-cv-0781, 2010 WL 924384, at *2 (D. Minn. Mar. 11, 2010), aff'd, 391 F. App'x 571 (8th Cir. 2010). The court affirms accordingly.

The magistrate judge denied Braun's third motion to supplement because it does not relate to the original cause of action. Braun asserts that he was denied access to Us Weekly magazine because he had restricted voucher usage, and he challenged that denial and different MNDOC policies than in the original complaint. Braun maintains that this conduct relates to the original complaint. Despite Braun's contention, the conduct is unrelated to the original complaint because Braun raises new allegations, names new defendants, and cites different MNDOC policy. The court affirms the denial of Braun's third motion to supplement.

The magistrate judge denied Braun's fourth motion to supplement as futile. In this motion, Braun asserts that an envelope marked "LEGAL MAIL" was opened outside of his presence. Braun contends that the envelope contained a letter from Jeremy Summers, a legal assistant from MIM distributors, concerning the mail it had sent or attempted to send to Braun. Braun claims that this conduct violated his First Amendment and due process rights. The magistrate judge denied supplementation on futility grounds because (1) Braun does not plead facts showing how named defendants

6

were personally involved; (2) the letter he received was not legal mail; (3) even if the letter was legal mail, it was an isolated incident that did not give rise to a constitutional violation; and (4) Braun's claims that defendants did not follow MNDOC policy do not give rise to liability. Braun objects, arguing that his mail with MIM distributors is protected by attorney-client privilege, that he named defendants involved in the original complaint, that this conduct was not an isolated incident, and that, again, MNDOC did not follow its own policies.

The court agrees with the magistrate judge's denial of Braun's fourth motion to supplement. First, in his motion, Braun fails to specifically identify any personal involvement by a named defendant. White v. Jackson, 865 F.3d 1064, 1081 (8th Cir. 2017); Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (affirming dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim."). Second, the mail at issue is not legal mail. "The question of whether a particular piece of correspondence is 'legal mail' is a question of law." Moore v. Schuetzle, 354 F. Supp. 2d 1065, 1078 (D.N.D. 2005) (citing Sallier v. Brooks, 343 F.3d 868, 873 (6th Cir. 2003)). Mail from MIM Distributors - a publishing company and not his attorney - does not constitute protected legal mail. Even if it was legal mail, Braun does not raise evidence of improper motive or resulting

7

interference with his right to counsel or access to the courts. See Gardner, 109 F.3d at 430–31. Furthermore, as noted above, mere violations of MNDOC policy does not give rise to civil liability. The court affirms accordingly.

The magistrate judge denied Braun's fifth, and final, motion to supplement as futile. Braun asserts that, on two separate occasions, some of the named defendants prevented access to a letter of an Oregon Senate bill and other printed materials because it was an unauthorized transfer of property between inmates. Braun contends that defendants failed to follow MNDOC policy. The magistrate judge, as repeatedly explained throughout the order, rejected Braun's challenge to MNDOC's policy. Braun objects to the magistrate judge's determination, arguing that he alleged a sufficient constitutional violation because the sender did not receive notice that MNDOC censored the materials. Despite Braun's objection, nowhere in his motion does he plead that defendants failed to give notice to the sender. See ECF No. 114. The court agrees that Braun's motion amounts to a challenge to MNDOC policy, and therefore, should be denied as futile. The court affirms the order in this respect.

**B. Discovery Motion**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

To obtain discovery, a party must serve a request describing with particularity the contents of the request, and the requested party must respond in writing within thirty days after being served. See Fed. R. Civ. P. 34(b). A party may move for an order compelling discovery when a party fails to comply with its discovery obligations. See Fed. R. Civ. P. 37(a).

The magistrate judge denied Braun's motion to produce discovery on the grounds that he had not served valid discovery requests on defendants and because he sought discovery related to supplemental claims that are not part of this suit. Braun objects, pointing out that the magistrate judge mistakenly states that Braun's claims related to "The Abolitionist" and "MIM (Prisons)" were dismissed. Braun is correct that he still has First Amendment claims pertaining to those publications. See ECF No. 101, at 15. The court nevertheless agrees with the magistrate judge's order denying Braun's motion for discovery.

As the magistrate judge notes, Braun has failed to serve valid discovery requests on defendants. Braun cannot move to compel defendants to produce discovery before he has served them with discovery requests. Moreover, Braun requests discovery relating to his first, second, third, and fifth[1] motions to supplement the

---

[1] Braun moved to produce discovery relating to the contents of his fifth motion to supplement before filing his fifth motion to supplement the pleadings. See ECF Nos. 110, 114.

9

pleadings. As discussed above, the magistrate judge properly denied these motions, and, consequently, discovery related to these issues would not be relevant. In sum, the court affirms the denial of the motion to produce discovery.

**III. Dispositive Motions**

The R&R recommended that the court deny Braun's four preliminary injunction motions. Preliminary injunctive relief is meant to preserve the status quo and prevent irreparable harm until a court rules on the merits of a lawsuit. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted). The first three preliminary injunction motions are tied to motions to supplement the pleadings. See ECF Nos. 93, 105, 114. The magistrate judge denied all three motions to supplement on futility grounds. Consequently, there is no need to preserve a status quo pending a ruling on the merits. The court agrees and denies the motions to supplement the pleadings to the extent it requests preliminary injunctive relief.

The remaining motion is Braun's emergency motion for preliminary injunction. Again, Braun challenges MNDOC policy that governs the possession of personal mail and legal materials in his cell. Braun contends that prison staff searched his cell, took some photographs, and harassed him about his legal materials. Braun further asserts that, if he cannot keep legal materials in his cell, prison guards must place it in storage. All of this

10

conduct, Braun claims, makes it difficult for him to communicate with the court and constitutes illegal retaliation.

The magistrate judge recommended that the court deny Braun's emergency motion because his motion had no relation to the claims in his complaint, and his motion amounts to a challenge to prison administration.  Braun objects, arguing that the MNDOC policy regulating legal materials in his cell is chilling and related to the complaint.  The court agrees with the R&R's determination.

In order for the court to grant relief, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose, 42 F.3d at 471.  Injunctive relief in the prison context "must always be viewed with great caution" because of the "complex and intractable problems of prison administration."  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quotation omitted).  Here, Braun asserts another blanket challenge to MNDOC policy, which the court has repeatedly held is not actionable.  The conduct described in the motion does not relate to one of the three incidents described in the complaint. The court agrees, that "[w]hile access to legal materials is always important," less convenient access does not rise to the level of warranting relief, especially in the context of prison administration. ECF No. 125, at 19.  Accordingly, the court denies Braun's emergency motion for preliminary injunction.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Braun's objections to the R&R [ECF No. 130] are overruled;

2. The R&R [ECF No. 125] is adopted in its entirety;

3. The order denying the motion to supplement the pleading [ECF No. 93] is affirmed;

4. The order denying the motion to supplement the pleading [ECF No. 98] is affirmed;

5. The order denying the motion to supplement the pleading [ECF No. 103] is affirmed;

6. The order denying the motion to supplement the pleading [ECF No. 105] is affirmed;

7. The order denying the motion to produce discovery [ECF No. 110] is affirmed;

8. The order denying the motion to supplement the pleading [ECF No. 114] is affirmed;

9. The motion to supplement the pleading [ECF No. 93], to the extent it seeks a preliminary injunction, is denied;

10. The motion to supplement the pleading [ECF No. 105], to the extent it seeks a preliminary injunction, is denied;

11. The motion to supplement the pleading [ECF No. 114], to the extent it seeks a preliminary injunction, is denied; and

12. The emergency motion for preliminary injunction [ECF No. 122] is denied.

Dated: July 1, 2021

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court