**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nathan Christopher Braun, | Civ. No. 20-0333 (DSD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tim Walz, Governor; Commission of Corrections; Nate Knutson, Assistant Commissioner; Chris Pawelk, Assistant Warden of Operations Oak Park Heights; Sherlinda Wheeler, Assistant Warden of Administration of Oak Park Heights; Bryon Matthews, Captain of Oak Park Heights; Nancy Leseman, Mail Room Lead Worker of Oak Park Heights; S. Henry, Mail Room Worker of Oak Park Heights; and Lt. Jason R. Hills, Mail Room Supervisor of Oak Park Heights, | |
| Defendants. | |

This matter is before the Court on Plaintiff Nathan Christopher Braun's motions to supplement the pleadings, appoint counsel, and receive a temporary restraining order filed on May 27, 2021 and June 7, 2021. (Doc. Nos. 133, 135, 139.) For the reasons that follow, this Court **RECOMMENDS** that Braun's motions be **DENIED**.

### I. Background

Braun filed his Complaint in this matter on January 24, 2020, against Governor Tim Walz, the Minnesota Commission of Corrections, the Assistant Commissioner, and a number of officials who work at Minnesota Correctional Facility – Oak Park Heights

alleging that prison authorities engaged in illegal censorship and violated Braun's First, Fifth, and Fourteenth Amendment rights when they denied him access to the publication, *The Abolitionist*.[1] (*See* Doc. No. 1, Compl.) Since then, Braun has filed numerous motions, including seven requests for a preliminary injunction and five requests to supplement the pleadings. (*See* Doc. Nos. 13, 14, 17, 93, 98, 103, 105, 114, 122.) All these requests have been denied. (*See* Doc. Nos. 15, 36, 124, 154.)

Before this Court restricted Braun's filings,[2] Braun also filed motions on May 27 and June 7, 2021: two motions to supplement the pleadings, a motion requesting appointment of counsel, and two motions for a preliminary injunction. (Doc. Nos. 133, 135, 139.) These motions are now pending before this Court.

## II. First Motion to Supplement the Proceeding; Motion Requesting Appointment of Counsel; First Motion for a Temporary Restraining Order (Doc. No. 133)

On May 27, 2021, Braun filed a "Motion to Supplement the Proceeding & Motion Requesting Appointment Of Counsel & Motion For Temporary Restraining Order." (Doc. No. 133.) This Court addresses each individual request below.

---

[1]   On March 29, 2021, this Court issued an order granting Defendants' motion to dismiss Braun's Complaint except as to his First Amendment claim and his procedural due-process claim against Defendants Henry, Leseman, and Hills, in their individual capacities. (Doc. No. 101.)

[2]   On July 6, 2021, this Court ordered the restriction of any filings in this case from Braun unless Braun is represented by counsel or receives prior written authorization from the Court. (Doc. No. 156.)

### A. First Motion to Supplement the Proceeding

Braun seeks to supplement his Complaint with events stemming from May 2021 when Defendant Henry refused to deliver two pieces of mail sent to Braun from an inmate in Oregon. (*Id.* at 1–6.)

The first piece of mail, delivered on May 7, 2021, allegedly contained material regarding paganism. (*Id.* at 1.) On the envelope's inside lip, the sender had written "2 printed pages of 'Pantheons' & 1 printed page of Pagan info for your Chaplain." (*Id.*) But when Braun peered inside, the envelope was empty. (*Id.*) Attached to the outside, he found a "Notice of Non-Delivery of Mail/Package" signed by Defendant Henry. (*Id.*) According to Braun, the notice stated the envelope's contents had been censored because they were considered "unauthorized transfer of offender property publication 'Crow Gleann Pagan Services'" as well as "published material not received directly from the publisher/authorized vendor, or not paid in advance via accounts & unauthorized transfer of property between offenders." (*Id.*)

The second piece of mail, delivered on May 21, 2021, was also empty when Braun received it. (*Id.* at 4.) Attached to it he found another "Notice of Non-Delivery of Mail/Package" signed by Defendant Henry. (*Id.*) According to Braun, the notice stated that the contents had been censored because they contained "sexual stories in letter, artwork in heavy crayon-inhibits inspection." (*Id.*)

Braun raised concerns through the administrative appeal process that the censorship of these two pieces of mail violated various Minnesota Department of Corrections (MNDOC) policies. (*Id.* at 1–6.) He also contended that the censorship of the

first mail violated his (as well as the sender's) constitutional rights (*id.* at 3), and that censorship of the second mail was retaliatory based on Braun's "status as a Pro-Se litigant engaged in a civil action against the Defendant," (*id.* at 6.) Braun moves this Court to supplement the pleadings pursuant to Fed. R. Civ. P. 15(d) to add these additional facts and claims. (*Id.* at 1.)

Under Rule 15, the court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A supplemental pleading . . . is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam). The decision of whether to allow a supplemental pleading is committed to the broad discretion of the District Court. *See Minnesota Mining & Manufacturing Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960); *see also Favors v. Mike*, No. 20-CV-00365 (SRN/DTS), 2021 WL 222935, at *5 (D. Minn. Jan. 22, 2021).

Here, Braun's new assertions do not relate to his original Complaint. Braun's original Complaint concerns the denial of two publications, namely "The Abolitionist," published by the Critical Resistance Publishing Collective and "MIM (Prisoners)" published by MIM distributors, as well as the decision by Defendants Henry, Leseman, and Hills to return multiple other publications from Critical Resistance Publishing Collective, MIM Distributors, and "News & Letters" without notifying Braun, thus allegedly violating the law and MNDOC policy.

4

But Braun's new assertions focus on an entirely different incident concerning separately censored documents and separate MNDOC policies proscribing inmate-to-inmate transfers of property and mailing of sexual material. Neither of these are at issue or directly relate to Braun's original cause. Nor does Braun's assertion of retaliation to filing this suit somehow bridge a connection to his original complaint, as that assertion still arises from a separate body of facts. *See, e.g.*, *Dockery v. Wetzel*, No. 3:CV-11-1368, 2013 WL 664931, at *3 (M.D. Pa. Feb. 22, 2013) ("Although Plaintiff alleges retaliation for filing the instant action, the claims arise from a completely separate body of facts."). Moreover, permitting Braun to supplement the pleading over a year and a half after he filed his original Complaint would prejudice Defendants' ability to respond effectively given the upcoming deadlines. *See Hines v. Smith,* No. 16-CV-3797 (DSD/SER), 2017 WL 5593526, at *5 (D. Minn. Oct. 23, 2017) (A "party should not be permitted to supplement a pleading where the supplementation would hinder judicial efficiency" or "prejudice the rights of other parties to the action."). As such, this Court recommends denying Braun's first motion to supplement the proceeding.

### B.  Motion Requesting Appointment of Counsel

Braun moves the Court to appoint him counsel. (Doc. No. 133 at 6.) He argues that he requires counsel because (1) "[t]here is a lot of factual investigation that must be done in this case that [he] simply cannot perform due to his status as a prisoner & due to his IFP," (2) "this case involves and depends on the credibility of people involved, as well as performing functions that simply are not possible from prison, such as interviewing and deposing the Defendants, the Publishers, etc . . . ," and (3) "[his] mental

5

disorder of Borderline Personality Disorder has been severely affected and this impacts his ability to adequately and sufficiently manage the case." (*Id.*)

Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter of the court's discretion. *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982); *see also* 28 U.S.C. § 1915(e)(1) (stating that the court may "request an attorney to represent any person unable to afford counsel"). The standard for appointment of counsel in such cases is whether both petitioner and the court would benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986); *see also Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996) ("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel[.]"). Among the factors the court should consider are "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Nachtigall v. Class*, 48 F.3d 1076, 1081–82 (8th Cir. 1995).

After reviewing these factors, the Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. Although Braun's lack of legal knowledge may present some challenges, in terms of the time and effort that may be attendant to the presentation of his claim, Braun has the threshold ability to articulate his claims and to present his positions to the Court. For these reasons, this Court recommends denying Braun's motion requesting appointment of counsel.

6

## C. First Motion for a Temporary Restraining Order

Braun moves this Court for a temporary restraining order against Defendants, enjoining them from "further acts of retaliation against him" as described by the actions already detailed in his first motion to supplement the pleading. (Doc. No. 133 at 6–7.) "As a practical matter, once adverse parties have notice and an opportunity to oppose a temporary restraining order, the matter is appropriately treated as a motion for a preliminary injunction." *Wheatley v. Quist*, No. CV 15-1979 (DWF/SER), 2016 WL 2596007, at *1 (D. Minn. Apr. 13, 2016). In this case, Defendants had notice of Braun's motion and filed a memorandum in opposition; the Court therefore treats Braun's motion as a motion for preliminary injunction. (*See* Doc. No. 140.) "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). A party moving for such an injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

As already concluded, the alleged actions by Defendants noted in Braun's first motion to supplement the pleading are based on new assertions different from the claim originally raised, which cannot provide the basis for a preliminary injunction in this lawsuit. *See id.* ("[The inmate's] motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary

7

injunction in this lawsuit."). Moreover, requests for injunctive relief in the prison context "must always be viewed with great caution" given the "complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quotation omitted). Braun's prohibited access to specific pieces of mail is a problem of prison administration and does not surpass the great caution sufficient to warrant injunctive relief. Accordingly, this Court recommends denying Braun's first motion for a temporary restraining order.

### III.     Second Motion to Supplement the Proceeding (Doc. No. 135)

On May 27, 2021, Braun filed a second "Motion to Supplement the Pleading." (Doc. No. 135.) Braun seeks to supplement his Complaint with events stemming from April 2021 when he allegedly failed to receive a publication titled *Criminal Legal News* published by The Human Rights Defense Center. (*Id.* at 1.) Braun believes Defendants censored this publication. (*Id.*) He asks this Court to grant his motion to supplement, arguing that these new assertions show conduct that is "clearly a continuation of the circumstances described in the original complaint." (*Id.*) But even assuming such were true, as already noted, permitting Braun to supplement the pleading over a year and a half after Braun filed his original Complaint would prejudice Defendants' ability to respond effectively given the upcoming deadlines. As such, this Court recommends denying Braun's second motion to supplement the proceeding.

### IV.     Second Motion for Temporary Restraining Order (Doc. No. 139)

On June 7, 2021, Braun filed a "Motion For Temporary Restraining Order." (Doc. No. 139.) In it, he moves this Court for a temporary restraining order against Defendants,

8

repeating the same claims and harms alleged in his May 27, 2021 motion. (*Id.* at 1.) Again, because Defendants had notice of Braun's motion and filed a memorandum in opposition, the Court treats Braun's motion as a motion for preliminary injunction. (*See* Doc. No. 145.) Similarly, because Braun's motion is based upon the same claims and harms that form the basis of his first motion for a temporary restraining order, and because this Court has already recommended denying that first motion, this Court also recommends denying Braun's second motion for a temporary restraining order for the same reasons.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Braun's May 27, 2021 "Motion to Supplement the Proceeding & Motion Requesting Appointment Of Counsel & Motion For Temporary Restraining Order" (**Doc. No. 133**) be **DENIED**;

2. Braun's May 27, 2021 "Motion to Supplement the Pleading" (**Doc. No. 135**) be **DENIED**;

3. Braun's June 7, 2021 "Motion For Temporary Restraining Order." (**Doc. No. 139**) be **DENIED**.

Dated: August 9, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge