UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-333 (DSD/BRT)

Nathan Christopher Braun,

       Plaintiff,

v.                                                    **ORDER**

Tim Walz, Governor; Commission of
Corrections; Nate Knutson, Assistant
Commissioner; Chris Pawelk, Assistant
Warden of Operations Oak Park
Heights; Sherlinda Wheeler,
Assistant Warden of Administration
of Oak Park Heights; Bryon Matthews,
Captain of Oak Park Heights;
Nancy Leseman, Mail Room Lead Worker
of Oak Park Heights; S. Henry, Mail
Room Worker of Oak Park Heights;
and Lt. Jason R. Hills, Mail Room
Supervisor of Oak Park Heights,

       Defendants.

This matter is before the court upon the objections by petitioner Nathan Christopher Braun to the August 9, 2021, report and recommendation of Magistrate Judge Becky R. Thorson (R&R). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objections and adopts the R&R in its entirety.

**BACKGROUND**

Braun commenced this action on January 24, 2020, alleging violations of his First, Fifth, and Fourteenth Amendment rights.

Braun sued Governor Tim Walz, the Minnesota Commission of Corrections, the Assistant Commissioner, and other officials at Minnesota Correctional Facility – Oak Park Heights, arguing that the confiscation of pieces of mail constituted illegal censorship and violated his constitutional rights.

After initiating the action, Braun has repeatedly, and unsuccessfully, sought to supplement the pleadings and obtain preliminary injunctions. See ECF Nos. 13, 14, 17, 93, 98, 103, 105, 114, 122.[1] On May 27 and June 7, 2021, Braun filed the motions at issue here - two motions to supplement the pleadings, a motion for appointment of counsel, and two motions for a preliminary injunction. ECF Nos. 133, 135, 139.

The magistrate judge recommended that the court deny all of Braun's requests. Doc. No. 158. Braun objects to multiple aspects of the R&R. After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct.


**DISCUSSION**

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c).


---

[1] These motions were all denied. See ECF Nos. 15, 36, 124, 154.

2

I.  **Motions to Supplement**

Braun moved to supplement the proceedings to add claims based on additional instances of alleged censorship.  The court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d). The purpose of a supplemental pleading is "to cover matters subsequently occurring but pertaining to the original cause." United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (citation omitted).  Further, "[i]t has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint." Dockery v. Wetzel, No. 3-cv-11-1368, 2013 WL 664931, at *3 (M.D. Penn. Feb. 22, 2013).

Although leave to supplement should generally be "freely given," it is within the court's discretion to deny a motion if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment ..." Vorachek, 563 F.2d at 886-87 (emphasis omitted) (citation omitted).

Braun filed two motions to supplement the proceedings.  The first alleged that defendant Henry refused to deliver two pieces of mail sent to Braun from an inmate in Oregon, and the second alleged that Braun did not receive a publication titled "Criminal Legal News."  The magistrate judge recommended denying the motions, finding that the new allegations did not relate to the original complaint and that granting the motion would "prejudice Defendants' ability to respond effectively given the upcoming deadlines."  ECF No. 158, at 5.  Braun objects, arguing that the new allegations relate to a pattern of censorship by BOP.  Braun also argues that defendants had sufficient notice to respond to the new allegations.

This court agrees with the magistrate judge's conclusion that the supplemental claims do not relate to the original cause of action because the two sets of allegations arise from two separate bodies of facts.  Braun's original claim challenged the denial of two publications – "The Abolitionist" and "MIM" – and the failure of defendants Henry, Leseman, and Hills to notify him regarding the denial of other publications.  The new allegations, however, concern the alleged censorship of different publications, at different times, and under different Minnesota Department of Corrections (MNDOC) policies.[2]  Further, Braun's claim that the

---

[2] The MNDOC policy challenged in the original complaint dealt with materials deemed safety risks.  See ECF No. 101, at 3.  The

new allegations amounted to retaliation for challenging the original conduct does not sufficiently connect the two sets of claims. See Dockery, 2013 WL 664931, at *3 (finding that retaliation claims do not connect "completely separate bod[ies] of facts").

Additionally, the court agrees with the magistrate judge's finding that permitting Braun to supplement his pleading would prejudice defendants. The motions at issue were filed almost a year and a half after this action was commenced. The deadline for close of discovery is set for September 30, 2021. ECF No. 102, at 1. Adding new claims based on entirely separate facts and circumstances would prejudice defendants' ability to effectively respond.

Accordingly, the court adopts the magistrate judge's recommendation to deny the motion to supplement.

## II. Motion Requesting Appointment of Counsel

Braun also sought appointment of counsel. There is no constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Courts do, however, have discretion to appoint counsel. Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). The applicable standard is whether both the petitioner and the court would benefit from the assistance

---

MNDOC policies Braun now seeks to challenge prohibit mailing sexual material and transferring property between inmates.

of counsel.  Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986) (citation omitted).  Factors considered include "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues."  Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

The magistrate judge recommended denying the motion for appointment of counsel because she found that the facts and legal issues were not "so complex as to warrant appointment of counsel." Braun objects, arguing that his mental health and lack of legal training or access to legal materials impede his ability to "effectively prosecute the case." ECF No. 162, at 4.  The court agrees with the magistrate judge that the factual and legal issues are not sufficiently complex to warrant appointment of counsel. Further, Braun has demonstrated an ability throughout this action to articulate and pursue his claims.

As a result, the magistrate judge's recommendation to deny the motion for appointment of counsel is adopted.

### III. Motions for Temporary Restraining Orders

Finally, Braun filed two motions for temporary restraining orders against defendants, asking the court to enjoin defendants from retaliating against him.  ECF No. 133, at 6-7.  Because the adverse parties had notice and an opportunity to oppose, the court

treats the motion as one for a preliminary injunction. See
Wheatley v. Quist, No. 15-cv-1979, 2016 WL 2596007, at *1 (D. Minn.
Apr. 13, 2016).

A preliminary injunction is issued "to preserve the status
quo and prevent irreparable harm until the court has an opportunity
to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d
470, 471 (8th Cir. 1994) (per curiam). The moving party must
"establish a relationship between the injury claimed in the party's
motion and the conduct asserted in the complaint." Id. Further,
preliminary injunctions in the prison context "must always be
viewed with great caution" given the "complex and intractable
problems of prison administration." Goff v. Harper, 60 F.3d 518,
520 (8th Cir. 1995) (citation and internal quotation marks
omitted).

The magistrate judge recommended denying both motions, and
this court agrees. Braun's motion for injunctive relief fails for
two reasons. First, the factual basis Braun relies on in
requesting a preliminary injunction relates to new allegations
that are unrelated to the original action. Second, the alleged
confiscation of mail relates to prison administration and is
insufficient to warrant injunctive relief.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Braun's objections to the R&R [ECF No.162] are overruled; and

2.   The R&R [ECF No. 158] is adopted in its entirety.

Dated: September 8, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court

8