UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-333 (DSD/BRT)

Nathan Christopher Braun,

      Plaintiff,

v.                                                            **ORDER**

Tim Walz, Governor; Commission of
Corrections; Nate Knutson, Assistant
Commissioner; Chris Pawelk, Assistant
Warden of Operations Oak Park
Heights; Sherlinda Wheeler,
Assistant Warden of Administration
of Oak Park Heights; Bryon Matthews,
Captain of Oak Park Heights;
Nancy Leseman, Mail Room Lead Worker
of Oak Park Heights; S. Henry, Mail
Room Worker of Oak Park Heights;
and Lt. Jason R. Hills, Mail Room
Supervisor of Oak Park Heights,

      Defendants.

This matter is before the court upon the objections by petitioner Nathan Christopher Braun to the June 17, 2022, report and recommendation of Magistrate Judge Becky R. Thorson (R&R). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objections and adopts the R&R in its entirety.

**BACKGROUND**

This dispute arises out of Braun's access to certain publications while incarcerated at Minnesota Correctional

Facility-Oak Park Heights (MCF-OPH). The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

Braun commenced this action on January 24, 2020, against Governor Tim Walz, the Minnesota Commissioner of Corrections, the Assistant Commissioner, and various MCF-OPH officials. He alleges that defendants violated his constitutional rights when pieces of mail intended for Braun were confiscated by prison officials. Braun alleges three incidents as the basis for his complaint: (1) defendants denied access to the publication "The Abolitionist" because they identified it a security risk; (2) defendants denied access to a publication "MIM (Prisons) Organizing Pack" because they identified it as a security risk; and (3) defendants withheld various publications without notice of their receipt and non-delivery. See Compl. Braun contends that this denial of mail access constituted impermissible censorship.

Initially, Braun brought claims under the First, Fifth, and Fourteenth Amendments.[1] See id. In March 2021, the court dismissed some of Braun's claims, leaving only his First Amendment claim and

---

[1] In the course of this litigation, Braun has repeatedly, and unsuccessfully, sought to supplement the pleadings and obtain preliminary injunctions. See ECF Nos. 13, 14, 17, 93, 98, 103, 105, 114, 122, 133, 135, 139. These motions were all denied. See ECF Nos. 15, 36, 124, 154, 167.

Fourteenth Amendment procedural due process claim. ECF No. 101. Now, defendants move for summary judgment on all claims. Braun opposes. ECF No. 184. Braun also requests appointment of counsel [ECF No. 185] and copies of court documents [ECF No. 188]. The magistrate judge recommended that defendant's motion for summary judgment be granted, the case be dismissed with prejudice, and Braun's motions be denied. ECF No. 198. Braun objects.

## DISCUSSION

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c).

### I. Defendants' Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party must set forth specific facts sufficient to raise a genuine issue for trial; that is, the nonmoving party "must do more than

3

simply show that there is some metaphysical doubt as to the material facts." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 249-50; Celotex v. Catrett, 477 U.S. 317, 324 (1986). Moreover, if a plaintiff cannot support each essential element of its claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

When considering a summary judgment motion, courts liberally construe pro se pleadings. Haines v. Kermer, 404 U.S. 519, 520 (1972). A pro se plaintiff, however, must still set forth facts showing that there is a genuine issue for trial. Quam v. Minnehaha Cnty. Jail, 821 F.522, 522 (8th Cir. 1987).

**II. Braun's Objections**

As an initial matter, Braun's purported objections likely do not comply with the requirements of the Federal Rules of Civil Procedure. Rule 72(b)(2) permits a party to "serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Objections must specify the portions of the report and recommendation being objected to and provide a basis for such objections. Mayer v. Walvatne, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). General grievances or conclusory objections do not comply with Rule

4

72(b)(2). Velez-Padro v. Thermo King de Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006).

Braun largely provides only generalized complaints and offers no basis for any objection. He did, however, appear to assert two specific arguments – that the publications did not actually pose a security risk and that defendants did not read the publications before refusing Braun's access. The court will construe Braun's pro se filing liberally and will address Braun's objections.

### III. Braun's Substantive Claims

First, Braun argues that the defendants' refusal to deliver the issue of "The Abolitionist" and a "MIM (Prisons)" organizing pack violated the First Amendment. He asserts both a facial and an as-applied challenge to the mail policy under which these publications were denied. Second, Braun argues that defendants violated his procedural due process rights by failing to provide a notice of non-delivery. The court addresses each claim in turn.

#### A. First Amendment – Facial Challenge

In a facial challenge, a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to [a] legitimate penological interest[]." Sisney v. Kaemingk, 15 F.4th 1181, 1189-90 (8th Cir. 2021) (citation omitted). To make this determination, courts use the two-step test from Turner v. Safley, 482 U.S. 78 (1987). See Sisney, 15 F.4th at 1190. First, the regulation must be rationally connected

5

to "the legitimate government interest put forward to justify it." Id. If this condition is met, step two requires courts to balance three factors: (1) whether prisoners have alternate means to exercise the right; (2) what impact the accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources; and (3) if there are reasonable alternatives to the regulation. Id. at 1190-91. In weighing these factors, courts give "substantial deference to the professional judgment of prison administrators." Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

At step one, the magistrate judge first determined that the mail policy is rationally related to the defendants' asserted objective – promoting safety, offender rehabilitation, and facility security. At step two, the magistrate judge found that the policy still permits prisoners to receive a broad range of publications, the prison would experience significant negative impacts if materials inciting violence were permitted, and no ready alternatives to the policy were available. Accordingly, the magistrate judge found Braun's facial claim failed under Turner.

Braun did not identify a particular aspect of the R&R's analysis with which he disagrees for this claim. Moreover, the court agrees with the magistrate judge's analysis and adopts the recommendation on this claim.

6

**B. First Amendment – As-Applied Challenge**

For Braun's as-applied challenge, courts use the same Turner two-step test. Here, though, Braun must establish that the actual application of the policy in this case did not serve the asserted governmental interest. Murchison v. Rogers, 779 F.3d 883, 887 (8th Cir. 2015). Courts "recognize and defer to the expertise of prison officials on what is likely to be inflammatory in the prison environment" but nevertheless "must conduct an independent review of the evidence to determine if there has been an exaggerated response to prison concerns in relation to this particular item." Id. (citation and internal quotation marks omitted).

At step one, defendants produced evidence that the censored publications promoted and encouraged organized disturbances within prison facilities and thus presented a safety risk. The magistrate judge also independently reviewed the publications and did not find an exaggerated response by prison officials. At step two, the magistrate judge found that all three factors favored defendants – many other publications remain available, the censored publications presented a safety and security risk, and no alternates could accommodate Braun.

Braun objects to the R&R's recommendation on this claim, appearing to argue that the publications did not, in fact, pose a security risk and that the prison officials' action was an exaggerated response. He also alleges that some officials did not

7

actually review of the publications and instead relied on other employees' reports when they refused to deliver them. Braun's arguments, however, are only conclusory statements and unsupported by evidence. Further, the court again agrees with the magistrate judge and finds that Braun's as-applied challenge fails.

### C. Vagueness and Overbreadth Challenges

Braun also argues that the mail policy is unconstitutionally vague and overbroad. The magistrate judge recommended granting summary judgment, and Braun offers no objections to the R&R on these claims. Thus, the court adopts the R&R's recommendation.

### D. Fourteenth Amendment Due Process Claim

Finally, Braun alleges violations of his Fourteenth Amendment due process rights by defendants' alleged failure to notify him of the publications' non-delivery or to provide any explanation. The magistrate judge found that Braun failed to show any violation of a liberty or property interest that constituted an atypical or significant hardship in relation to the ordinary incidents of prison life. King v. Dingle, 702 F. Supp. 2d 1049, 1076-77 (D. Minn. 2010). Again, Braun did not identify a specific objection to these findings. Further, the court agrees with the magistrate judge's analysis, and summary judgment is granted on this claim.

**IV. Braun's Pending Motions**

Braun also has two motions that are pending with the court – a motion for appointment of counsel and a motion for copies of court documents.

**A.   Appointment of Counsel**

Braun requests appointment of counsel.[2] There is no constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Courts do, however, have discretion to appoint counsel. Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). To determine whether appointment of counsel is appropriate, courts consider whether both the petitioner and the court would benefit from the assistance of counsel. Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986) (citation omitted).

The magistrate judge recommended denying the motion, finding that Braun has demonstrated the ability to litigate his case. Braun objects, arguing that his diagnosed mental health conditions inhibit his ability to articulate his claims to the level required by the court. The court agrees with the magistrate judge, however, that Braun has demonstrated an ability to pursue his case. Thus,

---

[2] Braun also sought appointment of counsel in May 2021. ECF No. 133. The court denied the motion, finding that Braun could adequately "articulate and pursue his claims." ECF No. 167, at 6.

the court adopts the magistrate judge's recommendation to deny the motion for appointment of counsel.

**B.    Copies of Court Documents**

Finally, Braun asks the court to provide him copies of court documents. The magistrate judge recommended denial of this motion, noting that the requested documents are not related to this case and that it is not the court's duty to provide the documents. The court agrees, and as a result, the motion for copies of court documents is denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. Braun's objections to the R&R [ECF No. 200] are overruled;

2. The R&R [ECF No. 198] is adopted in its entirety;

3. Defendant's motion for summary judgment [ECF No. 173] is granted;

4. The action is dismissed with prejudice;

5. Braun's request for appointment of counsel [ECF No. 185] is denied; and

10

6. Braun's motion for copies of court documents [ECF No. 188] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 25, 2022

                                              s/David S. Doty  
                                              David S. Doty, Judge  
                                              United States District Court